UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELE AUSTIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00901 |
| | § | Jury Trial Demanded |
| | § | |
| FLEMING, NOLEN & JEZ, LLP | § | |

## DEFENDANT FLEMING, NOLEN & JEZ, LLP'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, FLEMING, NOLEN & JEZ, LLP., ("FNJ") Defendant in the above-styled and numbered cause, and files this, its Traditional Motion for Summary Judgment on the Complaint filed by Plaintiff, MICHELE AUSTIN ("Plaintiff"), and in support thereof, would respectfully show this Honorable Court as follows:

### I. INTRODUCTION

1. On or about January 26, 2023, a data breach occurred on Defendant FNJ's data servers as a result of criminal acts by an unknown third party calling themselves Mpume Zwane. *See* Exhibit A – Oral Deposition of Plaintiff Michelle Austin at 15:19-16:4; Exhibit B – Notice Letter regarding Data Breach. On February 6, 2023, Mpume Zwane sent an email to individuals associated with FNJ informing them that he/she "got access to the Fleming, Nolen, & Jez database and took more than 680 GB of proprietary and confidential files." *See* Exhibit C – February 6, 2023 Email from Mpume Zwane. Mpume Zwane then explained he/she would delete the files in exchange for money. *Id.* If FNJ did not pay Mpume Zwane the requisite sum, he/she threatened to release all of the stolen information onto the black market. *Id.*

2.  After learning of the data breach, FNJ provided a notice letter to all of its former clients informing them of the breach and offering various credit monitoring and identity protection services. *See* Exhibit A – 21:10-14; Exhibit B. Those services included free identity protection, insurance reimbursements, and up to 24 months of credit and CyberScan monitoring. *See* Exhibit A - 23:8-22; Exhibit B. Despite being offered these services at no cost, Plaintiff never signed up for the services. Exhibit A – 24:1-8. Importantly, Plaintiff was already employing her own credit/data protection system, McAfee, before the data breach occurred. *Id.* at 38:2-7. However, she never reached out to FNJ to request they pay for it or reimburse her for same. *Id.* at 38:11-16.

3.  In addition to not using the free services offered by FNJ in the notice letter, Plaintiff never made any attempt to reach out to FNJ to find out what had happened with regard to the data breach or even whether her information was involved in the data breach:

```
25     Q. Okay.  After receiving this
 1     letter, did you ever try to contact my client and find
 2     out what was going on?
 3     A.  No.
 4     Q.  And just so that the record's clear, you never
 5      tried to pick up the phone and contact the defendant and
 6      say hey, I got this letter, what's the deal, correct?
 7      MS. VAN NOTE:  Objection, asked and
 8      answered.
 9      You can answer again.
10     A.  No.
11     Q.  And you never sent my client
12      an e-mail and said hey, I got this letter, what's going
13      on?
14     A.  No.
```

*Id.* at 24:2525:14). In fact, Plaintiff is still unaware of whether her information was involved in the data breach as she has not received any notification or learned of any instances of her personal data being used for any nefarious or otherwise improper purpose. *Id.* at 30:18-31:16; 41:6-24.

Moreover, her own credit monitoring service has never contacted her or put her on notice that her data is compromised:

```
17   Q.  And McAfee has never contacted you and said
18    hey, somebody's trying to compromise your data, correct?
19   A.  Right.
```

*Id.* at 38:17-19.

4. Because Plaintiff is unaware of whether her information was involved in the data breach and she has received no notifications of any improper use of her personal information, she has incurred no monetary expenses except prevention:

```
7    Q.  You have no monetary expenses
8     or losses. So what are your damages, ma'am?
9    A.  I -- I guess just prevention.
10   Q.  Prevention, what do you mean by that?
11   A.  I guess for -- I -- I don't know.
```

*Id.* at 34-7-11. Prevention through McAfee was an expense she was incurring before the data breach and one that was offered to her for free by FNJ.

5. As a result of this data breach and the damages Plaintiff claims to have sustained, she filed this lawsuit, alleging causes of action for negligence, gross negligence, negligence per se, breach of confidence, breach of implied contract, and breach of implied covenant of good faith and fair dealing. *See* Exhibit D – Plaintiff Michelle Austin's Original Complaint – Docket Document No. 1 at ¶¶ 74-102, 104-113, 115-122, 124-127. Plaintiff alleges, among other things, that FNJ failed to adequately protect her personal health information and personal identification information. *See* Exhibit D. Plaintiff claims that, because of the data breach, her personal health information and personal identification information was stolen and sold on the black market. *Id.*

## II. SUMMARY OF THE ARGUMENT

6. Plaintiff has alleged causes of action for negligence, gross negligence, negligence per se, breach of confidence, breach of implied contract, and breach of implied covenant of good faith and fair dealing as a result of the data breach. Each of these causes of action require a showing of damages proximately caused by the alleged breach of certain duties. Simply stated, Plaintiff has made no showing of any damages and/or causation and, as a matter of fact, has affirmatively stated she has suffered no damages due to the data breach. *See* Exhibit A – 34-7-11. As such, Plaintiff's claims fail as a matter of law. This Court should therefore grant FNJ's Motion for Summary Judgment and dismiss Plaintiff's claims in their entirety, with prejudice to the refiling of the same.

## III. SUMMARY JUDGMENT EVIDENCE

| | |
|---|---|
| Exhibit A | Oral Deposition of Plaintiff Michelle Austin taken October 18, 2023. |
| Exhibit B | Exhibit 1 to the Deposition of Plaintiff Michelle Austin – Notice Letter regarding Data Breach |
| Exhibit C | February 6, 2023, Email from Mpume Zwane informing FNJ of the Data Breach |
| Exhibit D | Plaintiff Michelle Austin's Original Complaint – Docket Document No. 1. |
| Exhibit E | Plaintiff Michelle Austin's Responses to Special Interrogatories (Set One) with Executed Verification |

## IV. ARGUMENT & AUTHORITIES

### A. Summary Judgment Standard

7. Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet its burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of its

case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

8. Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the court should not grant the motion. *Id*. at 321–25. A party must support an assertion that a fact cannot be genuinely disputed by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp*. 477 U.S. at 325. In response, the nonmovant "may not rest upon mere allegations contained in the pleadings but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986). Conclusory allegations are also insufficient, as the nonmovant cannot defeat a summary judgment motion without significant, probative evidence in support of their claim. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994).

9. A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

    **B.    Plaintiff's Causes of Action**

10. In order to be brief for the Honorable Court, FNJ provides its argument to all of Plaintiff's allegations as a whole, as all of the causes of action fail from the same facts.

11. As stated above, Plaintiff has alleged causes of action for negligence, gross negligence, negligence per se, breach of confidence, breach of implied contract, and breach of implied covenant of good faith and fair dealing. *See* Exhibit D at ¶¶ 74-102, 104-113, 115-122, 124-127. Each of these causes of action require a showing of damages proximately caused by an alleged breach. Each cause of action is more thoroughly laid out below.

**Negligence Causes of Action**

12. In order to prove negligence, a plaintiff must prove the following: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) **damage proximately caused by the breach**. *Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005) (emphasis added).

13. In order to prove negligence per se, a plaintiff must prove the following: (1) the defendant's act or omission is in violation of a statute or ordinance, (2) the injured person was within the class of person which the ordinance was designed to protect, and (3) the defendant's act or omission **proximately caused the plaintiff's injury**. *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 864 (N.D. Tex. 2013) (emphasis added).

14. In order to prove gross negligence, a plaintiff must prove the following: (1) the act or omission, when viewed objectively from Defendants' standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) Defendants had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others. *Howard v. Walmart Stores, Inc.*, No. 4:15-CV-419, 2016 WL 4196701, at *5 (E.D. Tex. Aug. 9, 2016).

**Contract Causes of Action**[1]

15.     In order to prove breach of implied contract and breach of the implied contract, a plaintiff must prove the following: (1) the existence of a valid implied contract; (2) performance by the plaintiff; (3) breach of the implied contract by the defendant; and (4) **damages as a result of the breach**. *Electrostim Med. Services, Inc. v. Health Care Serv. Corp.*, 614 Fed. Appx. 731, 744 (5th Cir. 2015).

        **C.     Plaintiff Suffered No Injuries or Damages Proximately Caused by the Data Breach**

16.     As explained ad nauseum, each of Plaintiff's causes of action require a finding of damages or injuries proximately caused by the data breach. Plaintiff simply cannot prove this, has not proven this, and has even testified to same. First, Plaintiff is wholly unaware of what damages she is seeking in this lawsuit. *See* Exhibit A – 29:1-5. Second, Plaintiff has not incurred any monetary losses as a result of the data breach. *See* Exhibit A –29:5-8; Exhibit E – Plaintiff Michelle Austin's Responses to Special Interrogatories No. 4. Third, Plaintiff has no knowledge of any harm to her identity or the use of her personal information as a result of the data breach. *See* Exhibit A – 30:6-12; Exhibit E – Interrogatory No. 18). Fourth, Plaintiff's testimony is replete with evidence that she does not know whether her information was even involved in the data breach as shown below:

```
 6    Q.  As we sit here today, you have no idea what of
 7        your data, if any, was actually compromised, correct?
 8        Like your specific data.  You're just aware of a data
 9        breach; is that fair?
10    A.  Yeah.
11    Q.  Okay.  You don't know if it was all, none or
12        anything of the data?
```

---

[1] Defendant is not aware of any cause of action for "Breach of Confidence" as plead in Plaintiff's Complaint. (Doc 1). However, to the extent Plaintiff is alleging Defendant was negligent in maintaining Plaintiff's information, Defendant refers the Court to Paragraph 9 which lays out the elements of negligence, which includes evidence of damages proximately caused by Defendant's alleged breach of duty. Additionally, as it related to Plaintiff's cause of action for Breach of Implied Covenant of Good Faith and Fair Dealing, this cause of action is pled as a breach of contract claim. As such, Defendant refers the Court to Paragraph 12 which lays out the elements of breach of contract, which includes evidence of damages caused by Defendant's alleged breach of the contract.

| | | |
|---|---|---|
| **13** | **A.** | **Correct.** |
| 14 | Q. | Okay. And similarly, you would say that's the |
| 15 | | same for any client who -- of my client who may have |
| 16 | | been involved in the breach. You don't know if it was |
| 17 | | none of their data, all of their data or some of their |
| 18 | | data; fair? |
| **19** | **A.** | **Fair.** |
| 20 | Q. | Okay. In fact, can we agree that as we sit |
| 21 | | here today, you have no personal knowledge that any of |
| 22 | | your data was ever used or published or compromised |
| 23 | | after the initial breach occurred? |
| **24** | **A.** | **Correct.** |

*See* Exhibit A – 41:6-24

17. In sum, (i) Plaintiff does not even know whether her information was included in the data breach, (ii) no one is trying to use Plaintiff's personal information, (iii) Plaintiff has suffered no harm to her identity, and (iv) Plaintiff has no monetary losses or expenses. Therefore, because Plaintiff cannot prove any damages proximately caused by any conduct of Defendant FNJ, this Court should grant FNJ's Motion for Summary Judgment and dismiss Plaintiff's claims in their entirety, with prejudice to the refiling of the same.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant FLEMING, NOLEN & JEZ, LLP respectfully requests the Court enter judgment that Plaintiff take nothing in this suit, the Court enter an Order dismissing Representative Plaintiff's suit with prejudice, and for all other relief to which Defendant may be justly entitled.

[*Signature on Following Page*]

Respectfully Submitted,

**DONATO BROWN POOL & MOEHLMANN**

*/s/ Chaz D. Klaes*
RANDY DONATO
TBN: 05973300
FBN: 1760067
CHAZ D. KLAES
TBN: 24083312
FBN: 1760067
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
(713) 877-1112
(713) 877-1138 - Fax
rdonato@donatobrown.com
cklaes@donatobrown.com

**ATTORNEYS FOR DEFENDANT,
FLEMING, NOLEN & JEZ, L.L.P.**

# CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of November 2023, a true and correct copy of the above and foregoing has been served in accordance with the Federal Rules of Civil Procedure:

☐ certified mail, return receipt requested; ☐ overnight delivery; ☐ hand delivery; ☐ United States first class mail; ☐ facsimile transmission; ☒ electronic transmission on the following counsel:

| Plaintiff, Michele Austin, Individually and on behalf of all others similarly situated. | Attorneys Representative of Plaintiff's Class Action |
|---|---|
| Ronald W. Armstrong, III, Esq.<br>THE ARMSTRONG LAW FIRM, PLLC<br>310 S. Saint Mary's, Ste. 2700<br>San Antonio, TX 78205<br>T: (210) 277-0542<br>F: (210) 277-0548<br>*e-Service*: rwaii@tafpllc.com | Scott Edward Cole, Esq.<br>COLE & VAN NOTE<br>555 12th Street, Ste. 1725<br>Oakland, CA 94607<br>T: (510) 891-9800<br>F: (510) 891-7030<br>*e-Service*: sec@colevannote.com |

*/s/ Chaz D. Klaes*
Chaz D. Klaes