Case 4:23-cv-00901   Document 40   Filed on 04/02/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELE AUSTIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00901 |
| | § | |
| FLEMING, NOLEN & JEZ, LLP, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Fleming, Nolen & Jez, LLP's ("Defendant") Motion for Summary Judgment. (Doc. No. 31). Plaintiff Michele Austin ("Plaintiff" or "Austin") filed a response. (Doc. No. 35). Defendant replied. (Doc. No. 36). For the reasons outlined below, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 31).

## BACKGROUND

The underlying facts are basically undisputed. On February 6, 2023, a cyber criminal gained access to the database of Defendant Fleming, Nolen & Jez, LLP, and demanded payment to halt the release of confidential client data. After learning of the breach, Defendant provided a notice letter to former clients informing them of the incident and offering "various credit monitoring and identity protection services." (Doc. No. 31 at 2). Plaintiff, a former client, filed this lawsuit (styled a "class action" in the Complaint) against Defendant, citing its "failure to properly secure and safeguard Representative Plaintiff's and Class Members' protected health information[.]." (Doc. No. 1 at 2). Plaintiff asserts causes of action for negligence, gross negligence, negligence per se, breach of confidence, breach of implied contract, and breach of the implied covenant of good faith and fair dealing. In her Request for Relief, Plaintiff asks the Court to "declare, adjudge, and decree that this action is a proper class action" along with an award of

damages and injunctive relief. (Doc. No. 1 at 26). Notably, Plaintiff has not filed a Motion for Class Certification since her Complaint was filed in March 2023. Defendant moved for Summary Judgment, contending that Plaintiff cannot show a genuine issue of material fact on the issue of damages. (Doc. No. 31). In response, Plaintiff offers an affidavit showing that another member of the putative "class," Ann McCarthy (who is not a party herein) suffered monetary damages due to identity theft. (Doc. No. 35-3). Defendant objects to this evidence because it argues that Plaintiff's use of this evidence "is based on the faulty premise that a Plaintiff can rely on a non-party's purported damages when there has been no class certification." (Doc. No. 36 at 1).[1]

## LEGAL STANDARD

### 1. Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary

---

[1] The Court notes that it would be reluctant to grant class certification in an instance where the only actually named class representative has no damages.

judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## ANALYSIS

### 1. Class Certification Issue

As discussed above, Plaintiff styled her Complaint as a class action but has not moved for class certification. The Complaint was filed over a year ago. Federal Rule of Civil Procedure 23 provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(b)(1)(A). There is no Federal Rule of Civil Procedure or local rule in the United States District Court for the Southern District of Texas mandating that a plaintiff file a motion for class certification within a certain timeframe. *Mabary v. Hometown Bank, N.A.*, 276 F.R.D. 196, 206 (S.D. Tex. 2011). Nonetheless, "even assuming…that a district judge has an obligation on his own motion to determine whether an action should proceed as a class action…the named plaintiffs' failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members might expect to receive." *E. Texas Motor Freight System Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977).

"[A] suit pleaded as a class action may be resolved by deciding a motion to dismiss or for summary judgment, even before class certification is decided." *Hoge v. Parkway Chevrolet, Inc.*, No. CIV.A. H-05-2686, 2007 WL 3125298 at *16 (S.D. Tex. Oct. 23, 2007). "The effect of

3

granting a motion for summary judgment in favor of the defendant is to disqualify the named plaintiff as proper class representative and to moot the question whether to certify the suit as a class action[.]" *Id.* (citing *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir.1995)) (internal quotation marks omitted) (cleaned up).

The Court therefore considers Defendant's Motion for Summary Judgment on Plaintiff's individual claim against Defendant. Any evidence supporting the claims of other putative "class members" is irrelevant because Plaintiff has not moved for class certification pursuant to Rule 23.

### 2. Motion for Summary Judgment

Defendant argues that it is entitled to summary judgment on each of Plaintiff's claims for negligence, gross negligence, negligence per se, breach of confidence, breach of implied contract, and breach of the implied covenant of good faith and fair dealing because Plaintiff has no evidence showing that she was injured by the data breach, and she cannot show that she suffered any damages. In response, Plaintiff argues that "on the basis of the facts asserted in the Complaint, a reasonable jury could return a verdict for [Plaintiff]," making summary judgment "inappropriate." (Doc. No. 35 at 2).

The elements of a negligence cause of action under Texas law are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *See, e.g., Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). A defendant's negligence "will constitute a proximate cause of a plaintiff's injuries when such negligence was the actual cause of the injuries, and the injuries were a foreseeable result of the negligence." *Id.* To state a claim for negligence per se under Texas law, Plaintiff must show that "the violative conduct was the proximate cause of Plaintiff's injuries." *Powell v. Keeley*, 795 F. Supp. 2d 587, 593 (S.D. Tex. 2011). Likewise, to prevail on her breach of contract claim, Plaintiff must prove that she suffered

4

damages resulting from the breach. *See, e.g., Electrostim Med. Services, Inc. v. Health Care Serv. Corp.*, 614 Fed. Appx. 731, 744 (5th Cir. 2015) (unpublished).

In support of its motion, Defendant points to testimony from Plaintiff's deposition. In her deposition, Plaintiff stated the following:

> Q. As we sit here today, you have no idea what of your data, if any, was actually compromised, correct? Like your specific data. You're just aware of a data breach; is that fair?
> **[Plaintiff]: Yeah**.
> Q. Okay. You don't know if it was all, none, or anything of the data?
> **[Plaintiff]: Correct.**
> Q. Okay. And similarly, you would say that's the same for my client who—of my client who may have been involved in the breach. You don't know if it was none of their data, all of their data or some of their data; fair?
> **[Plaintiff]: Fair.**
> Q. Okay. In fact, can we agree that as we sit here today, you have no personal knowledge that any of your data was ever used or published or compromised after the initial breach occurred?
> **[Plaintiff]: Correct.**

(Doc. No. 31-1 at 12, 41:6-24) (emphasis added).

Defendant points to this admission to argue that Plaintiff "does not even know whether her information was included in the data breach" and that "Plaintiff has suffered no harm to her identity." (Doc. No. 31 at 8). Additionally, Defendant contends that Plaintiff has no monetary losses or expenses. (*Id.*).

In response, Plaintiff argues that there is "more than a scintilla of evidence" that Defendant's "negligence and/or breach of contract" resulted in damages to Plaintiff. (Doc. No. 35 at 2). Plaintiff cites her Complaint to argue that the harm she suffered included "time spent verifying the legitimacy and impact of the data breach, exploring credit monitoring and identity theft insurance options, self-monitoring her accounts and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the data breach." (Doc. No. 35 at 3). Statements made in a complaint, however—even a sworn complaint—are not proper summary

5

judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("Pleadings are not summary judgment evidence."). Plaintiff ultimately argues that she has carried her burden at the summary judgment stage even though she admits that she "has not yet suffered a known direct harm (such as identity theft) from Defendant's data breach." (Doc. No. 35 at 4). As supporting evidence for her claims, Plaintiff attached only the original notice letter sent by Defendant informing clients of the breach, a copy of Plaintiff's original Complaint, and the Declaration of Ann McCarthy. (*See* Doc. No. 35).

As noted previously, once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then **must provide specific facts showing that there is a genuine dispute**. *Id.* at 324 (emphasis added); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In meeting its burden to show that the court should not grant the movant's motion, the non-moving party "may not rest upon the mere allegations or denials of its pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citation omitted). Here, Plaintiff does not offer any evidence to support the bare assertion in her response that she was injured. (Doc. No. 35 at 3). In fact, she admits that she has "not yet suffered a known direct harm" because of the incident. (Doc. No. 35 at 4).

Plaintiff's negligence claims require a showing that Plaintiff's injuries were proximately caused by Defendant's negligence. Plaintiff has offered no evidence to show that she suffered any injury caused by the data breach. Plaintiff's contract claims similarly require a showing of damages resulting from the alleged breach. Plaintiff has not brought forth evidence showing that she suffered damages. Plaintiff has therefore not met her burden to show that a genuine issue of

material fact exists regarding her claims for negligence, gross negligence, negligence per se, breach of implied contract, and breach of the implied covenant of good faith and fair dealing.[2]

For the reasons outlined above, the Court finds that there is no genuine issue of material fact as to Plaintiff's claims for negligence, gross negligence, negligence per se, breach of confidence, breach of implied contract, and breach of the implied covenant of good faith and fair dealing. Accordingly, Defendant's Motion for Summary Judgment is hereby **GRANTED**. (Doc. No. 31). All other pending motions are denied as moot.

Signed at Houston, Texas, on this the 2nd day of April 2024.

Andrew S. Hanen
United States District Judge

---

[2] Plaintiff also states a cause of action for "breach of confidence," which appears to be a common law cause of action in Texas generally asserted in the trade secret misappropriation context. The Court has treated this cause of action as identical to Plaintiff's breach of implied contract claim for the purposes of this motion and rules against Plaintiff for the reasons stated in the text.